UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CASEY L. COX
49 North 5th Street
Barron, Wisconsin  54812,

        Plaintiff

vs.

SANMINA-SCI CORPORATION
a/k/a SANMINA CORPORATION
300 Industrial Avenue
Turtle Lake, Wisconsin  54889,

        Defendants.

COMPLAINT

Case No.  14-cv-626

---

    Plaintiff, Casey L. Cox, by and through her attorneys, Bakke Norman, S.C., by David C. Schoenberger, complains of the Defendant, Sanmina-SCI Corporation a/k/a Sanmina Corporation, as follows:

## PARTIES

    1.    Plaintiff, Casey Cox, is an adult resident of the State of Wisconsin and she resides at 49 North 5th Street, Barron, Wisconsin 54812.

    2.    Defendant, Sanmina-SCI Corporation a/k/a Sanmina Corporation, (hereinafter referred to as "Sanmina Corporation" or "Sanmina") is a corporation organized in Delaware.  Its principal place of business is located at 2700 North First Street, San Jose, California 95134.  Its registered agent in Wisconsin for service of process is Corporation Service Company, 8040 Excelsior Drive, Madison, Wisconsin 53715.

    3.    Sanmina Corporation conducts business and operations at a number of locations throughout North and South America, Africa, the Middle East, Europe, South Asia Pacific,

1

Australia, China and Japan. At all relevant times, Sanmina Corporation operated a facility located at 300 Industrial Avenue, Turtle Lake, Wisconsin 54889.

## NATURE OF ACTION

4. Plaintiff claims that Defendant violated her rights pursuant to the Equal Pay Act by paying her at a rate less than the rate at which Defendant paid wages to employees of the opposite sex for equal work, in violation of 29 U.S.C. § 206(d).

## JURISDICTION AND VENUE

5. Jurisdiction in this court is proper as this case presents a federal question and controversy. Venue in the Western District of Wisconsin is appropriate as the conduct giving rise to Plaintiff's claim occurred in this district.

## ALLEGATIONS

6. Plaintiff, Casey Cox, began her employment with Sanmina Corporation in 1993 as a press operator. Prior to obtaining employment with Sanmina Corporation, Plaintiff Cox had earned a high school diploma and had completed 16 credits in Electronics and Telecommunications from Wisconsin Indianhead Technical College.

7. Plaintiff Cox continued working at Sanmina until June, 2005. During that time, she held the positions of press operator, secondary operations set-up, back-up molding set-up, and back-up warehouse clerk.

8. Prior to June, 2005, Plaintiff also attended Wisconsin Indianhead Technical College where she received an Associate Degree in Mechanical Design as well as a Technical Writing certificate.

9. In June, 2005, Plaintiff Cox left Sanmina to work at Bishop Fixture & Millwork as a designer of store fixtures.

10. In November, 2005, Plaintiff Cox returned to Sanmina in the position of Quality Technician.

11. In June, 2010, Plaintiff Cox was promoted to the position of Quality Engineer/Metrologist, and a short time later, to the position of Level II Quality Engineer.

12. Plaintiff Cox completed an Advanced Concepts certificate in Geometric Dimensioning and Tolerancing in June, 2012.

13. In March, 2013, Plaintiff Cox earned a Greenbelt designation in Lean Six Sigma training.

14. In approximately the middle of July, 2013, Plaintiff Cox became aware that she was being paid less than two male counterparts (other Level II Quality Engineers).

15. In addition, the other male Quality Engineers were new hires in 2013 and they had fewer job duties and responsibilities than Plaintiff Cox.

16. After Plaintiff Cox became aware of the pay disparity, she complained, both orally and in writing, to Human Resources and other officers and managers at Sanmina.

17. During the course of Plaintiff Cox's discussions, reports, complaints and investigation about and into gender based pay inequality at Sanmina Corporation, Plaintiff also became aware that, among other things, she was and is being paid less than a) three prior male Quality Engineers, two of whom were replaced by the two new male Quality Engineers in 2013; and b) the applicable, published pay scale at Sanmina Corporation for Level II Quality Engineers.

18. In May, 2014, Plaintiff Cox filed a claim with the Wisconsin Division of Workforce Development, Equal Rights Division, alleging she was being discriminated against based on her gender in regards to her pay and compensation.

19.     To-date, there has been no action taken to remedy the pay disparity between the Plaintiff and her male counterparts, past and present.

## CAUSE OF ACTION
## VIOLATION OF EQUAL PAY ACT, 29 U.S.C. § 206(d)

20.     Plaintiff realleges and incorporates all previous paragraphs.

21.     Sanmina Corporation employs Plaintiff Cox and members of the opposite sex in its Turtle Lake, Wisconsin facility and other facilities, as Level II Quality Engineers.

22.     Plaintiff Cox has been and continues to be paid a lower wage than members of the opposite sex doing equal work in Sanmina's Turtle Lake, Wisconsin facility.

23.     The job performed by Plaintiff Cox and by the male members, past and present, in Sanmina's Turtle Lake, Wisconsin facility require equal skill, effort and responsibility, and the job is also performed under similar working conditions.

24.     Plaintiff Cox has been and continues to suffer pecuniary harm as a result of Sanmina Corporation's conduct.

25.     At all relevant times, Defendant, Sanmina Corporation, has demonstrated a willful and/or reckless disregard of Plaintiff Cox's federally created and protected rights.

26.     At all relevant times, Defendant's conduct was not in good faith and it did not have reasonable grounds to believe that its acts or omissions were not in violation of 29 U.S.C. § 206(d).

27.     Due to Defendant's conduct, Plaintiff is also entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 260.

28.     Due to Defendant's conduct, Plaintiff was also forced to engage counsel to protect her rights and therefore, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

4

**WHEREFORE**, Plaintiff Cox respectfully requests the following relief:

A. Appropriate injunctive relief;

B. Back pay in an amount to compensate Plaintiff for the difference between what Plaintiff was paid and what members of the opposite sex were paid;

C. Prejudgment Interest;

D. Liquidated damages;

E. Attorney's fees and costs;

F. Postjudgment Interest; and

G. Such other and further relief as the Court deems just and appropriate.

**A JURY TRIAL IS DEMANDED**

Dated: September 11th, 2014.

        **BAKKE NORMAN, S.C.**

        /s/ David C. Schoenberger
        David C. Schoenberger
        Attorney ID No. 1035131
        Peter M. Reinhardt
        Attorney ID No. 1025187
        Attorneys for Plaintiff
        2919 Schneider Ave.
        P.O. Box 280
        Menomonie, WI 54017
        715-235-9016
        815-927-0411 (Fax)
        dschoenberger@bakkenorman.com
        preinhardt@bakkenorman.com